**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                        :
K-BEECH, INC.,                                          :         Civil Action No.11-4777 (GBD)
                                                        :
               Plaintiff,                               :         **MEMORANDUM OF LAW IN**
                                                        :         **SUPPORT OF PLAINTIFF'S**
       vs.                                              :         **MOTION FOR LEAVE TO**
                                                        :         **SERVE THIRD PARTY**
JOHN DOES 1-21,                                         :         **SUBPOENAS PRIOR TO A**
                                                        :         **RULE 26(f) CONFERENCE**
               Defendants.                              :
                                                        :
-----------------------------------------------------------------X




**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE**

{00006063.DOCX:2 }                                  1

## **TABLE OF AUTHORITIES**

Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1 (D.D.C. 2008)……………………………….. 4

Blakeslee v. Clinton County, 336 Fed.Appx. 248 (3d Cir. 2009)………………………………... 4

Brown v. Owens Corning Inv. Review Committee, 622 F.3d 564 (6th Cir. 2010)………………. 5

Columbia Insurance Company v. Seescandy et al., 185 F.R.D. 573 (N.D. Cal. 1999)………….. 6

Davis v. Kelly, 160 F.3d 917 (2d Cir. 1998)…………………………………………………….. 4

Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992)………………………………………………… 5

Feist Publ'ns, Inc. v. Rural Tel. Service Co., Inc., 499 U.S. 340 (1991)………………………... 5

Green v. Doe, 260 Fed.Appx. 717 (5th Cir. 2007)………………………………………………. 5

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001)……………………………………………………... 7

In re Aimster Copyright Litig., 334 F.3d 643 (7th Cir. 2003)…………………………………… 5

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008)…………………... 7

Krueger v. Doe, 162 F.3d 1173, (10th Cir. 1998)……………………………………………….. 5

Maclin v. Paulson, 627 F.2d 83 (7th Cir. 1980)…………………………………………………. 5

Munz v. Parr, 758 F.2d 1254 (8th Cir. 1985)……………………………………………………. 5

Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011)……………………………….. 4

Sony Music Entertainment v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)…………………. 4, 6, 7

Young v. Transportation Deputy Sheriff I, 340 Fed.Appx. 368 (9th Cir. 2009)…………………. 5

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff, K-Beech, Inc., hereby respectfully submits this Memorandum in support of its Motion for Leave to serve third party subpoenas prior to a rule 26(f) conference.

**I.     INTRODUCTION**

Plaintiff seeks leave to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") so that Plaintiff may learn Defendants' true identities. Plaintiff is suing each of the Defendants for using the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement.

Since Defendants used the Internet to commit their infringement, Plaintiff only knows Defendants by their Internet Protocol ("IP") addresses. Defendants' IP addresses were assigned to the Defendants by their respective ISPs. Accordingly, the ISPs can use the IP addresses to identify the Defendants. Indeed, ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, the ISPs may maintain these logs for only a short period of time.

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the ISPs and any related intermediary ISPs. Any such subpoena will demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address.[1] Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyrights.

---

[1] A MAC address is a number that identifies the specific computer used for the infringing activity.

{00006063.DOCX:2 }                                              3

**II.     ARGUMENT**

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) (citing Sony Music Entertainment v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)). See also, Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. Here, Plaintiff easily satisfies all of these requirements. Accordingly, this Court should grant the Motion.

**A.     Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants**

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, the Second Circuit stated in Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities." See also, Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Accord Blakeslee v. Clinton County, 336 Fed.Appx. 248, 250 (3d Cir. 2009);

{00006063.DOCX:2 }                                                          4

Green v. Doe, 260 Fed.Appx. 717, 719 (5th Cir. 2007); Brown v. Owens Corning Inv. Review Committee, 622 F.3d 564, 572 (6th Cir. 2010); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985); Young v. Transportation Deputy Sheriff I, 340 Fed.Appx. 368 (9th Cir. 2009); Krueger v. Doe, 162 F.3d 1173, (10th Cir. 1998); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

> B. **Good Cause Exists to Grant the Motion**
>
> > 1. **Plaintiff Has a Prima Facie Claim for Copyright Infringement**

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Service Co., Inc., 499 U.S. 340, 361 (1991). Plaintiff satisfied the first good cause factor by properly pleading a cause of action for copyright infringement:

> 46. Plaintiff is the owner of the Registration for the Work, which contains an original work of authorship.
>
> 47. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original.
>
> 48. Plaintiff did not authorize, permit or consent to Defendants' copying of its Work.

Complaint at ¶¶ 46-48. See 17 U.S.C. §106; In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."). Further, Plaintiff's allegations of infringement are attested to by Plaintiff's investigator, IPP, Limited's employee, Tobias Fieser. See Declaration of Tobias Fieser in Support of Plaintiff's Motion For Leave to Take Discovery Prior to a Rule 26(f) Conference ("Fieser Declaration") at ¶¶ 18 and 22, Exhibit A. Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

### 2. Plaintiff Has Clearly Identified Specific Information It Seeks Through Discovery

Plaintiff seeks to discover from the Defendants' ISPs the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendants. This is all specific information that is in the possession of the Defendants' ISPs that will enable Plaintiff to serve process on Defendants. Since the requested discovery is limited and specific, Plaintiff has satisfied the second good cause factor. Sony Music Entertainment v. Does 1-40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004)

### 3. No Alternative Means Exist to Obtain Defendants' True Identities

Other than receiving the information from the Defendants' ISPs, there is no way to obtain Defendants' true identities because "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate the IP address to a real person, the subscriber of the internet service." Fieser Declaration at ¶ 9. Indeed, "[o]nce provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber" [i.e., the Defendant]. Fieser Declaration at ¶ 23. Since there is no other way for Plaintiff to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it, Plaintiff has established the third good cause factor. See Columbia Insurance Company v. Seescandy et al., 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### 4. Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claims

Obviously, without learning the Defendants' true identities, Plaintiff will not be able to serve the Defendants with process and proceed with this case. Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights. Since identifying the Defendants by name is necessary for

Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. Sony, 326 F.Supp. at 566.

> 5. **Plaintiffs' Interest in Knowing Defendants' True Identities Outweighs Defendants' Interests in Remaining Anonymous**

Plaintiff has a strong legitimate interest in protecting its copyrights. Defendants are all copyright infringers that have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in distributing the copyrighted work in question without permission. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony, 326 F.Supp.2d at 566 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). Since Defendants do not have a legitimate interest in remaining anonymous, and since Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the fifth good cause factor.

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue Rule 45 subpoenas to the ISPs. A proposed order is attached as Exhibit B.

                                      Respectfully submitted,

                                      DI SANTO LLP

By:          /s/
                EVAN J. WHITE, ESQ. (EW 7951)
                DiSanto LLP
                15 Maiden Lane, Suite 1208
                New York, New York 10038
                Email: ewhite@evanwhitelaw.com
                Phone: (212) 766-2468

                *Attorneys for Plaintiff*