UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K-BEECH, INC.,

Plaintiff,

-vs-

JOHN DOES 1-21,

Defendants.

**ANONYMOUS NON-PARTY UNDISCLOSED PRINCIPAL'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA WITH RESPECT TO JOHN DOE 19**

**ECF CASE**

Civil Action No.

11-CV-04777-GBD

Anonymous Non-Party Undisclosed Principal ("Anonymous") replies to the Plaintiff's Memorandum in Opposition to John Doe 19's Motion to Quash Subpoena.

## I. STATEMENT OF FURTHER FACTS IN REPLY TO PLAINTIFF

As his annexed Unsworn Declaration (Anonymous Exhibit 1) reflects, Anonymous is an adult over the age of twenty-one (21) years and the son of John Doe 19, whose identity as an innocent party Anonymous seeks to protect. Contrary to plaintiff's misstatement of fact, therefore, John Doe 19 is not, and cannot be, legally responsible for Anonymous's alleged actions in viewing plaintiff's allegedly copyrighted motion picture as a consumer, has been mistakenly joined as a party defendant because the IP address at

issue does not correspond with the allegedly liable person (Anonymous), and John Doe 19's identity as an innocent person must be protected, and the subpoena attempting to force identification of him quashed.

With respect to plaintiff's fallacious factual allegation that BitTorrent is an inherently sinister technology, Matthew Helton's article, "Secondary Liability for Copyright Infringement: BitTorrent as a Vehicle for Establishing a New Copyright Definition for Staple Articles of Commerce", 40 Colum. J. L. & Soc. Probs. 1, 8 (2006) states, "Based upon the current jurisprudence surrounding the staple article of commerce test, BitTorrent, Inc. likely would be shielded from liability under the Sony doctrine because, like the Sony Beta max videotape recorder, the BitTorrent file-sharing device is capable of substantial noninfringing uses. Liability likely would not lie under the Grokster inducement theory, as well. In Grokster, inducement was obvious: Grokster not only advertised itself as an alternative to Napster, but also published newsletters containing links to articles promoting the software's ability to access popular copyrighted music. Additionally, the Supreme Court found it relevant that the Grokster name was an apparent derivative of Napster, as evidence of an attempt to capture the market of former Napster users. BitTorrent, Inc. is a different species of company: it has never advertised BitTorrent as a vehicle for copyright infringement, does not have a name that evokes the image of a vehicle for infringement, and can in fact be used for legitimate, unobjectionable purposes. Unlike Grokster, which the Supreme Court found operated and advertised in such a way as to intentionally induce its users to commit copyright infringement, BitTorrent advertises itself as a free speech tool. Moreover, in an effort to demonstrate a commitment to this ethos, in recent months Bram Cohen, the creator of the

BitTorrent technology, brokered an agreement with major Hollywood studios to prevent BitTorrent's official website and search engine from displaying pirated, or infringing, versions of popular movies."

## II. ARGUMENT

### A. PLAINTIFF'S MEMORANDUM IN OPPOSITION IGNORES THE OVERWHELMING MAJORITY OF CASES IN NEW YORK CONFIRMING THAT REGISTRATION OF COPYRIGHT IS A PREREQUISITE TO FILING SUIT IN FEDERAL COURT PURSUANT TO 17 U.S.C. §411(a).

As already noted, plaintiff never has preregistered or registered its copyright in the motion picture titled "Virgins 4" or "Virgins #4", failing to meet the jurisdictional pre-requisite of 17 U.S.C. §411(a) to filing a federal copyright infringement action.

Anonymous requests that the court taken judicial notice of the Memorandum Opinion and Order dated September 19, 2010 in K-Beech, Inc. v. Does 1-29, Civil Action No. CV 11-3331 (JTB) (ETB)(E.D.N.Y. Sept. 19, 2010), a copy of which is annexed hereto as Anonymous Exhibit 2. In that opinion, Magistrate Judge Boyle noted that "Although the Second Circuit has not addressed this specific question, courts in both the Eastern District of New York and the Southern District of New York have held that submission of an application for copyright registration does not satisfy the registration precondition of §411(a). See, e.g., Lewinson v. Henry Holt & Co., 629 F. Supp. 2d 547, 553, 559 (S.D.N.Y. 2009(holding that a work for which a registration application had been sent was not registered within the meaning of 411(a)); Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004)(holding that a work is not registered within the meaning of 411(a) unless and until "the Copyright Office has either

approved or refused the pending application for registration" and collecting cases); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002)(dismissing "claims for copyright infringement based upon pending registration applications"); Silver v. Lavandeira, No. 08 Civ 6522, 2009 WL 513031, at 5 (S.D.N.Y. Feb. 26, 2009)(noting that, although a few courts in the Second Circuit have held that a pending application for registration satisfies 411(a), "the emerging consensus among courts in this district is that the mere filing of applications and payment of the associated fees is insufficient, as a matter of law, to meet the statutory requirement that a copyright be registered prior to the initiation of an infringement action"."

Accordingly, plaintiff's failure to register its copyright with the copyright office to date precludes it from using this court to issues the subpoena here at issue to identify John Doe 19.

**B.     PLAINTIFF'S CLAIM OF TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT IS IN EGREGIOUS ERROR, BECAUSE A MOTION PICTURE, INCLUDING ITS TITLE, IS NOT A "TRADEMARK" WITHIN THE MEANING OF SECTION 43(a) OF THE LANHAM ACT, BUT IS PROTECTED, IF AT ALL, UNDER THE COPYRIGHT ACT.**

Plaintiff's assertion to the contrary notwithstanding, Anonymous can find no case in which Section 43 of the Lanham Act has been construed to protect motion pictures or their titles as "trademarks". Under the definition of "trademark" contained in section 45 of the Lanham Act, "any word, name, symbol or device, or any combination thereof" may be a trademark used to identify goods or services in commerce, but motion pictures always have fallen within the realm of copyright law, not trademark.

The distinction between "copyright" and "trademark" is dispositive in this case, barring plaintiff's trademark claim. *Dastar Corp. v. Twentieth Century Film Corp.*, 539 U.S. 23 (2003), cited by plaintiff, is not to the contrary, but supports Anonymous's position that Lanham Act trademark infringement does not apply to the facts of this case as pleaded. In *Dastar*, the Supreme Court admonished that section 43(a) of the Lanham Act, which governs trademark infringement, cannot be invoked as an end run around the copyright laws, or to add another layer of protection to copyright holders. *Dastar*, 539 U.S. at 33-4 ("[I]n construing the Lanham Act, we have been careful to caution against the misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." (quotation marks and citation omitted). *See also, Agence France v. Morel*, 10 Civ. 2730 (WHP), 2010 BL 307756 (S.D.N.Y. 2010). In *Morita v. Omni Publications International, Ltd.*, 741 F. Supp. 1107 (S.D.N.Y. 1990), Judge Cedarbaum construed section 43 (a) of the Lanham Act, stating, "It seems to me that plaintiff is not really complaining about a false description or a false designation of origin, but rather about the allegedly unauthorized use of a photograph of which he claims authorship. This is a claim in the nature of copyright that does not fit into the mold of unfair competition. The Copyright Act provides an adequate remedy for the injury of which the plaintiff complains. The Lanham Act should not be distorted to provide a remedy for a failed claim of copyright infringement."

This case is analogous. Plaintiff has no claim for trademark infringement under the Lanham Act, but only a defective claim of copyright infringement.

In Gucci America, Inc. v. Frontline Processing Corp., 721 F. Supp. 2d 228 (S.D.N.Y. 2010), the court discussed Gucci's allegations of trademark infringement at some length, rejecting them out of hand:

"Gucci has not put forth sufficient factual allegations to support trademark infringement claims based on either direct or vicarious theories of liability. Direct liability for trademark infringement requires a valid mark entitled to protection under the Lanham Act, and that the defendant used the mark in commerce in connection with the sale or advertising of goods or services, without the plaintiff's consent. 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 406-07 (2d Cir. 2005) (internal quotations and citations omitted). In addition, Plaintiff must show that the Defendant's use of the mark is likely to cause confusion. Id. The problem for Gucci is that there is no indication that any of the defendants actually "used the mark in commerce." Knowledge alone of another party's sale of counterfeit or infringing items is insufficient to support direct liability, see eBay, 600 F.3d at 103, and there are otherwise no factual allegations that Durango, Woodforest, or Frontline themselves advertised or sold infringing goods.

Gucci's allegations are also unable to support a claim for vicarious liability. Vicarious trademark infringement, a theory of liability considered elsewhere but not yet the subject of a decision by this Circuit, "requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1150 (7th Cir. 1992); Perfect 10, Inc. v. Visa Intern. Serv. Ass'n 494 F.3d 788, 807 (9th Cir. 2007); see also Banff Ltd. v. Limited, Inc., 869 F. Supp. 1103, 1111 (S.D.N.Y. 1994) (noting lack of

consideration in Second Circuit). Though Gucci has raised a number of factual allegations that indicate that Defendants' services were crucial to a website like TheBagAddiction.com's sale of infringing goods, there is insufficient evidence to plausibly infer an actual or apparent partnership. The vague, puffery-like references to a "partnership" between these companies and website merchants are not enough to support vicarious liability. See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 591 F. Supp. 2d 1098, 1113 (N.D. Cal. 2008)("off-hand references to customers as 'partners' is insufficient to exhibit the type of behavior and relationship that can be considered an actual or apparent partnership."). While Defendants may have sufficient control over the sale of counterfeit goods to support contributory liability, see infra, the facts alleged do not support an inference that they had the type of control over a company like Laurette as a whole, i.e. akin to joint ownership, necessary for vicarious liability."

Again, this case also illustrates that plaintiff's claim of trademark infringement is defective on its face.

## III. CONCLUSION

The motion to quash must be granted (1) because John Doe 19 is an innocent party whose identity must be protected by the court both in law and in equity; (2) for failure to register plaintiff's alleged copyright with the Copyright Office as required by 17 U.S.C. 411(a); and (3) because the Lanham Act protects trademarks, no trademark is implicated in this case, and the plaintiff's Lanham Act claims are without merit on their face.

DATED: November 7, 2011

Respectfully submitted,

Harry D. Lewis, Esq., HL-8975
Attorney for Non-Party Anonymous Undisclosed Principal
275 Madison Avenue, Suite 1400
New York, N.Y. 10016
Phone: (212)-813-8393
Fax: (718)-874-4421
e-mail: hlewis888 at optimum.net

# ANONYMOUS

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

K-BEECH, INC., :

Plaintiff, :

:

-vs- :

JOHN DOES 1-21,

:

Defendants. :

---------------------------------------------------------------x

**UNSWORN DECLARATION IN SUPPORT OF ANONYMOUS NON-PARTY UNDISCLOSED PRINCIPAL'S MOTION TO QUASH SUBPOENA DIRECTED TO VERIZON AND TO STRIKE JOHN DOE 19 AS A PARTY DEFENDANT**

**ECF CASE**

Civil Action No.

11-CV-04777-GBD

Pursuant to 28 U.S.C. §1746, Non-Party [redacted], the son of John Doe 19, who, upon information and belief Verizon Legal Process Compliance ("Verizon") will identify to plaintiff as owner of an IP address plaintiff alleges has infringed its copyright in response to a subpoena issued by plaintiff directed to Verizon, and a potential defendant in a future action which may be brought by plaintiff against him, submits his Unsworn Declaration in Support of his Motion to Quash Plaintiff's Subpoena Directed to Verizon With Respect to John Doe 19 and to Strike John Doe 19 as a Party Defendant, and declares as follows under penalty of perjury:

1. I am the son of John Doe 19 named as a Defendant in the above-styled action.

2. I am over twenty-one (21) years of age.

3. Without John Doe 19's knowledge, approval, or consent, on or about April 22, 2011, I used his computer bearing the IP address 71.183.92.178 identified in the subpoena plaintiff has issued to Verizon to view a motion picture posted on the internet entitled "Virgins #4" a single time. To the best of my knowledge, I never copied, displayed, distributed, or sold any copies of Virgins #4 at any time, nor have I induced others to do so. In short, I am a consumer of this product, and nothing more.

4. Subsequent to my viewing of "Virgins #4" online, I purchased a DVD of Virgins #4, also online. A true copy of the cover of the DVD is annexed hereto as Exhibit 1.

5. To this day, I believe John Doe 19, my father, is unaware that I used his computer for this purpose.

6. I intended no harm to John Doe 19 from my described use of his computer, but it now appears that plaintiff has named him as a defendant in the above-styled civil action as a consequence of my action.

7. My frail and elderly father is entirely innocent and ignorant of my activity on his computer with respect to viewing the motion picture known as "Virgins #4", and there is no factual or legal basis for his continued status as a party defendant in the above-styled litigation, nor is there any justification for the public humiliation, embarrassment, and expense that would result from his being identified to plaintiff in the above-styled civil action through the subpoena plaintiff has issued to Verizon Internet Services.

8. My admission of having viewed the described motion picture online on John Doe 19's computer notwithstanding, I deny liability to plaintiff for infringement under the Copyright Act, the Lanham Act, and under any other legal theory.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2011

[redacted]

Harry D. Lewis, Esq.
Attorney for [redacted]
275 Madison Avenue, Suite 1400
New York, N.Y. 10016
Phone: (212)-813-8393
Fax: (718)-874-4421
hlewis888@optimum.net

# EXHIBIT 1

# ANONYMOUS

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
K-BEECH, INC.,

Plaintiff,

-against-

DOES 1-29,

Defendants.
-----------------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

CV 11-3331 (JTB) (ETB)

Before the Court are plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. For the reasons that follow, plaintiff's motions are DENIED.

This is copyright infringement action in which the plaintiff has sued a number of anonymous alleged infringers for downloading a film called "Virgins 4" using a peer-to-peer file-sharing protocol called BitTorrent. (See Complaint at 2-3). The work is not yet registered with the Copyright Office. Rather, plaintiff asserts that "[o]n or about April 22, 2011, Plaintiff submitted an application for Copyright Registration . . . for the motion picture." (Id. at 2).

Plaintiff has identified the defendants only through their Internet Protocol ("IP") addresses. Plaintiff now asks the Court for (1) an order pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 34(c) requiring Internet Service Providers ("ISP") Optimum Online, RCN Corporation, Road Runner, and Verizon Internet Services to preserve data and (2) leave to serve third-party subpoenas prior to a Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") conference to those ISPs.

Federal Rule of Civil Procedure 26(d)(1) allows a court to issue an order permitting a party to seek discovery prior to the Rule 26(f) conference. See Fed. R. Civ. Proc. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

authorized . . . by court order."). In this Circuit, courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). While plaintiff's application satisfies the second through fifth factors, it has not met the first because it has not pleaded a prima facie claim of copyright infringement. Because the Complaint does not plead a meritorious copyright infringement claim, it does not make sense to allow plaintiff the discovery it seeks.

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, — U.S. —, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (citing 17 U.S.C.A. § 411(a)). While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim.[1] See id. at 1247; see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp, 606 F.3d 612, 615 (9th Cir. 2010) ("[P]ost-Reed Elsevier, registration is an element of an infringement claim, rather than a jurisdictional bar."). Although the Second Circuit has not addressed this specific question, courts in both the Eastern District of New York

---

[1] The Supreme Court has left open the question of whether district courts should sua sponte dismiss infringement actions when the subject work is not registered. See Reed Elsevier, 130 S. Ct. at 1249 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works.")

and the Southern District of New York have held that submission of an application for copyright registration does not satisfy the registration precondition of § 411(a). See, e.g., Lewinson v. Henry Holt & Co., 629 F. Supp. 2d 547, 553, 559 (S.D.N.Y. 2009) (holding that a work for which a registration application had been sent was not registered within the meaning of § 411(a)); Corbis Corp. v. UGO Networks, Inc. 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (holding that a work is not registered within the meaning of § 411(a) unless and until "the Copyright Office has either approved or refused the pending application for registration" and collecting cases); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (dismissing "claims for copyright infringement based upon pending registration applications"); Silver v. Lavandeira, No. 08 Civ. 6522, 2009 WL 513031, at *5 (S.D.N.Y. Feb. 26, 2009) (noting that, although a few courts in the Second Circuit have held that a pending application for registration satisfies § 411(a), "the emerging consensus among courts in this district is that the mere filing of applications and payment of the associated fees is insufficient, as a matter of law, to meet the statutory requirement that a copyright be registered prior to the initiation of an infringement action").[2]

Because plaintiff has alleged only that the registration for the allegedly infringed film is pending,

---

[2]Prior to Reed Elsevier, the Second Circuit had held that failure to register a work was a defect that deprived the federal courts of jurisdiction over an infringement action. See, e.g., In re Literary Works in Electronic Databases Copyright Litig., 509 F.3d 116, 121 (2d Cir. 2007) rev'd sub nom. Reed Elsevier, 130 S. Ct. at 1247. Thus, the cited cases dismiss for lack of subject-matter jurisdiction causes of action regarding unregistered works. Although Reed Elsevier overruled these cases to the extent that they held that jurisdiction was lacking, it did not affect the holdings that a work with a pending application is not a registered work within the meaning of Section 411(a).

It should also be noted that there is a circuit-split on this issue. Compare La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202-04 (10th Cir. 2005), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247, and M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247 (holding that a work is not registered until its application is approved) with Cosmetic Ideas, 606 F.3d at 621, and Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003), and Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (holding that receipt by the Copyright Office of a complete application satisfies Section 411(a)).

it has not properly pled all of the elements of a copyright infringement cause of action. Because plaintiff has not made a concrete showing of a prima facie claim of copyright infringement, it has not established good cause to allow discovery prior to the Rule 26(f) conference. Therefore, the Court denies plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. This denial is without prejudice to renewal should the pleading deficiency be corrected.

**SO ORDERED:**

Dated: Central Islip, New York
September 19, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge